UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sheila Buckman,<br>Plaintiff,<br>vs.<br>The Lincoln National Life Insurance Company,<br>Defendant. | C/A NO: 3:25-7588-SAL<br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant The Lincoln National Life Insurance Company[1] ("Lincoln") hereby removes this state court action from the Court of Common Pleas, Sumter County, South Carolina, to the United States District Court for the District of South Carolina.

In support of this Notice of Removal, Lincoln shows the Court as follows:

1. Plaintiff instituted this action against Defendant on or about June 17, 2025, in the Court of Common Pleas, Sumter County, South Carolina as Case No. 2025-CP-43-01109 (the "State Action").

2. Defendant was served with this lawsuit on June 17, 2025. Copies of all process, pleadings, and orders received by Lincoln in this action prior to the filing of this Notice of Removal are attached hereto as Exhibit "A" and incorporated herein by this reference.

[1] Incorrectly named in the State Court Complaint as "The Lincoln Financial Life Insurance Company. The correct name of the Defendant in this action is The Lincoln National Life Insurance Company.

3. Defendant has not served any answer or responsive pleading to the Complaint and Lincoln's Removal is timely filed within thirty (30) days of it being served with process and within one (1) year after commencement of the instant action, as allowed by 28 U.S.C. § 1446(b).

4. This action is removed to this Court pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.

5. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

6. By the State Action, Plaintiff is seeking to recover disability benefits (along with other damages) from an ERISA disability benefits plan, in which she was a participant by virtue of her employment with Giant Cement Holding, Inc.[2] This disability plan is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act, as ("ERISA"). The benefits sought by Plaintiff in the State Action are

[2] Complaint at ¶¶ 3, 8, 15, 35, 38, 41-47, and 63.

sought from this ERISA plan and Plaintiff alleges ERISA in the Complaint.[3] Therefore, this plan and an action for benefits under the plan is governed by ERISA. The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

7. The Court of Common Pleas, Sumter County, South Carolina, is within the United States District Court for the District of South Carolina, Columbia Division, to which this action is removable. Concurrent with the filing of this Notice of Removal, Defendant has filed a Notice of Filing of Notice of Removal with the Court in the State Action.

8. By copy of this document and in accordance with the Certificate of Service, Lincoln is providing notice to all parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

Signature page to follow

---

[3] Complaint at ¶¶ 2, 6, 7, 45, 46, 49, 60, and 62.

Respectfully submitted,

RICHARDSON PLOWDEN & ROBINSON, P.A.

/s/ Eugene H. Matthews
Eugene H. Matthews, ID #7141
Post Office Drawer 7788
Columbia, South Carolina 29202
T: (803) 771-4400
F: (803) 779-0016
Email: gmatthews@RichardsonPlowden.com

*Attorneys for Defendant The Lincoln National Life Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this date, July 16, 2025, a true and correct copy of the document to which this Certificate is affixed was filed with the Clerk of Court using the Court's CM/ECF System.

I further certify that a true and correct copy of the foregoing was served upon all known counsel of record by Electronic Mail on the 16th day of July 2025.

Shannon M. Polvi, Esq.
Email: Shannon@cromerbabb.com

July 16, 2025
Date

/s/ Eugene H. Matthews
Eugene H. Matthews