**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Sheila Buckman,<br><br>Plaintiff,<br><br>vs.<br><br>The Lincoln National Life Insurance Company,<br><br>Defendant. | ) | Civil Action No. 3:25-cv-07588-SAL<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIM** |

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint ("Complaint") and Lincoln files a counterclaim through its undersigned counsel and alleges as follows:

1. Lincoln admits that Plaintiff was, at certain times, employed by Giant Cement Holding, Inc. ("Giant"). Lincoln is without sufficient knowledge regarding Plaintiff's current address, and accordingly, Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

1.(sic) Lincoln admits that it is authorized to do business in South Carolina. Lincoln admits that Giant sponsored the Giant Cement Holding, Inc. Long Term Disability Plan (the "LTD Plan") to provide disability benefits to certain of its employees. Lincoln admits that it issued Group Disability Income Policy Number GF3-850-288435-01 (the "Policy") to Giant and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Lincoln denies all remaining allegations contained in second Paragraph numbered 1 of the Complaint.

2. Lincoln admits that the LTD Plan and Plaintiff's claim for recovery of benefits from the LTD Plan under the Policy are governed by Section 502 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. § 1132(a)(1)(B)). Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that it issued the Policy to Giant and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Lincoln admits that it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln denies all remaining allegations contained in paragraph 3 of the Complaint.

4. Lincoln admits that Plaintiff was, at certain times, employed by Giant and was, at certain times, a participant in the LTD Plan sponsored by Giant. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. To the extent that Paragraph 5 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that the United States District Court for the District of South Carolina has jurisdiction over this action. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that venue of this action is proper in the United States District Court for the District of South Carolina. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8. Lincoln admits that Plaintiff was, at certain times, employed by Giant. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits it sent a letter to Plaintiff's counsel dated March 15, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that physician peer reviews and occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to each participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that Plaintiff was a Class 1 employee and that information pertaining to Plaintiff's date of birth are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to each participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits it received appeals of the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" and "Own Occupation" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence

of its contents. To the extent that the allegations contained in Paragraph 16 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits it received a letter from Plaintiff's counsel, dated February 28, 2024, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that physician peer reviews and occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that physician peer reviews and occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" and "Own Occupation" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 18 seek to interpret the provisions of the Policy, Lincoln refers to the

Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits it received appeals of the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits it sent a letter to Plaintiff's counsel dated July 12, 2023, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews and occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 20 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits it sent a letter to Plaintiff's counsel dated July 12, 2023, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews and occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits the Policy includes language pertaining to the definition of "Own Occupation" as applicable to a participant's claim for benefits from the LTD

Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that Plaintiff was a Class 1 employee. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 22 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that physician peer reviews and occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that physician peer reviews and occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by

Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits it sent letters to Plaintiff's counsel March 15, 2024, and February 27, 2025, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits that physician peer reviews and occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits it received a letter from Plaintiff's counsel, dated January 17, 2025, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits the Policy includes language pertaining to the definition of "Own Occupation" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 27 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as

the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits the Policy includes language pertaining to the definition of "Own Occupation" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 28 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits the Policy includes language pertaining to the definition of "Own Occupation" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 29 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits it received a letter from Plaintiff's counsel, dated January 17, 2025, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record,

and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record

itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 32 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the LTD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record

itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln denies all allegations contained in Paragraph 38 of the Complaint.

39. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

**FIRST CAUSE OF ACTON AGAINST DEFENDANT**
**(Violation of ERISA – Denial of Benefits)**

40. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 39 of the Complaint as though fully set forth in response to Paragraph 40 of the Complaint.

41. Lincoln denies all allegations contained in Paragraph 41 of the Complaint.

42. Lincoln denies all allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits that Plaintiff was a Class 1 employee and that information pertaining to Plaintiff's date of birth are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to each participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln denies the allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits that, by this action, Plaintiff seeks to recover benefits from the LTD Plan, but Lincoln denies that Plaintiff is entitled to any such relief. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint does not state any allegations to which Lincoln must respond, but only sets forth Plaintiff's request for relief. To the extent a response is required, Lincoln denies Plaintiff is entitled to any such relief or recovery from Lincoln whatsoever. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint does not state any allegations to which Lincoln must respond, but only sets forth Plaintiff's request for relief. To the extent a response is required, Lincoln denies Plaintiff is entitled to any such relief or recovery from Lincoln

whatsoever. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

**SECOND CAUSE OF ACTON AGAINST DEFENDANT**
**(Violation of ERISA – Breaches of Fiduciary Duty)**

48. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 47 of the Complaint as though fully set forth in response to Paragraph 48 of the Complaint.

49. To the extent that Paragraph 49 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln admits that it issued the Policy to Giant and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Lincoln admits that it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln further admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Lincoln denies all allegations contained in Paragraph 51 of the Complaint.

52. Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. To the extent that the allegations in Paragraph 55 pertain to "Michelin," Lincoln is not required to answer. To the extent that "Michelin" is a typographical error in the Complaint and that this allegation is meant to refer to "Lincoln," Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. To the extent that the allegations in Paragraph 56 pertain to "Michelin," Lincoln is not required to answer. To the extent that "Michelin" is a typographical error in the Complaint and that this allegation is meant to refer to "Lincoln," Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Lincoln denies all allegations contained in Paragraph 57 of the Complaint.

58. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Lincoln denies all allegations contained in Paragraph 59 of the Complaint.

60. Lincoln denies all allegations contained in Paragraph 60 of the Complaint.

61. Lincoln admits that it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Lincoln admits that, by this action, Plaintiff seeks to recover benefits from the LTD Plan, but Lincoln denies that Plaintiff is entitled to any such relief. Lincoln denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint does not state any allegations to which Lincoln must respond, but only sets forth Plaintiff's request for relief. To the extent a response is required, Lincoln denies Plaintiff is entitled to any such relief or recovery from Lincoln whatsoever. Lincoln denies all remaining allegations contained in Paragraph 63 of the Complaint.

64. Lincoln denies Plaintiff is entitled to the relief sought in the WHEREFORE Paragraph of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was arbitrary and capricious because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject, in whole or in part, to an offset pursuant to the terms of the Policy, which requires offset and/or repayment of Plaintiff's receipt of other income or benefits, including but not limited to income earned by Plaintiff and the disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) against Lincoln fails as a matter of law due to the availability of a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B).

6. The damages, if any, claimed by Plaintiff are limited to those available under ERISA.

7. Plaintiff's claims are barred to the extent the Complaint was not filed within the LTD Policy or statutory limitations period.

8. Lincoln reserves the right to assert additional defenses.

## COUNTERCLAIM

1. In response to the allegations contained in the Complaint, Lincoln asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln in accordance with the terms of the document governing the LTD Plan. Lincoln also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln or the Social Security Administration currently in the possession of Plaintiff. Additionally, Lincoln seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Lincoln. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document governing the LTD Plan, Plaintiff is obligated and specifically agreed to reimburse Lincoln for the retroactive amounts Plaintiff received from the Social Security Administration. Plaintiff has failed and refused to make reimbursement to Lincoln in breach of the terms of the LTD Plan. Lincoln is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action; enter judgment in Lincoln's favor on its counterclaim; order a constructive trust and/or other equitable relief to secure Lincoln's reimbursement of benefits Plaintiff received from Lincoln or the Social Security Administration; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 17th day of June 2025.

Respectfully submitted,

RICHARDSON PLOWDEN & ROBINSON, P.A.

/s/ Eugene H. Matthews
Eugene H. Matthews, ID #7141
Post Office Drawer 7788
Columbia, South Carolina 29202
T:(803) 771-4400
F:(803) 779-0016
Email:gmatthews@RichardsonPlowden.com

-and-

Iwana Rademaekers, Texas Bar # 16452560
iwana@rademaekerslaw.com
LAW OFFICES OF IWANA
RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
T: (214) 579-9319
F: (469) 444-6456
*Motion for Admission *Pro Hac Vice* pending

*Attorneys for Defendant The Lincoln National Life Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this date, July 17, 2025, a true and correct copy of the document to which this Certificate is affixed was filed with the Clerk of Court using the Court's CM/ECF System, which allows for automatic service on the following counsel of record:

Shannon M. Polvi, Esq.
Email: Shannon@cromerbabb.com

July 17, 2025 — Date

/s/ Eugene H. Matthews — Eugene H. Matthews