**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Sheila Buckman,<br><br>Plaintiff,<br><br>v.<br><br>The Lincoln National Life Insurance Company,<br><br>Defendant. | C.A. No. 3:25-cv-07588-SAL<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM** |

Where not admitted, the allegations contained in Defendant's Counterclaim (ECF 4) are denied, and Plaintiff demands proof thereof.

Paragraphs 1-64 and affirmative defenses paragraphs 1-8 in Defendant's Answer and Counterclaim (ECF 4, pp. 1-17) relate to Defendant's responses to Plaintiff's claims and thereby are not relevant to Plaintiff's reply to the counterclaims; however, to the extent any are relevant to the counterclaims, such Paragraphs are denied.

**REPLY TO DEFENDANT'S COUNTERCLAIM**

1. Paragraph 1 is denied.

**GENERAL DENIAL**

2. Pursuant to Fed. R. Civ. P. 8, Plaintiff denies each and every allegation contained in Defendant's Counterclaim.

**FOR A FIRST DEFENSE**

3. Defendant's Counterclaim fails to state a claim upon which relief can be granted against Plaintiff and should, therefore, be dismissed.

4. Defendant has not adequately pled the existence of a binding and enforceable

reimbursement obligation under the LTD Plan, nor established Plaintiff's duty under ERISA to reimburse Defendant.

5. Plaintiff reserves all non-waivable Rule 12 defenses including failure to state a claim.

**FOR A SECOND DEFENSE**

6. Defendant's claim is barred, in whole or in part, by the doctrines of ratification, acquiescence, accord and satisfaction, settlement, consent, agreement, set-off, and payment.

**FOR A THIRD DEFENSE**

7. Defendant's counterclaim is barred by Defendant's own fault. Alternatively, to the extent Plaintiff is determined to bear any fault or liability in this matter, which Plaintiff expressly denies, Defendant's recovery must be reduced in proportion to the fault of Defendant and/or others.

**FOR A FOURTH DEFENSE**

8. The language in the LTD Plan governing reimbursement is ambiguous, vague, or insufficiently specific to impose a clear and enforceable reimbursement obligation on Plaintiff. Ambiguities in ERISA plans are construed in favor of the beneficiary.

**FOR A FIFTH DEFENSE**

9. Defendant's claims for constructive trust and unjust enrichment are preempted by ERISA to the extent they rely on state common law remedies. Under 29 U.S.C. § 1144(a), ERISA supersedes state laws relating to employee benefit plans.

**FOR A SIXTH DEFENSE**

10. Plaintiff acted in good faith, on reasonable grounds, for legitimate reasons, and without intent to harm in all of her interactions with Defendant.

**FOR A SEVENTH DEFENSE**

11. Plaintiff pleads the equitable defenses of estoppel, waiver, unclean hands, laches, after-acquired evidence, judicial estoppel, collateral estoppel, and justification.

**FOR AN EIGHTH DEFENSE**

12. Plaintiff pleads Defendant's damages, if any, were caused by another or others.

**FOR A NINTH DEFENSE**

13. Under *Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*, 577 U.S. 136 (2016), equitable relief under § 1132(a)(3) is unavailable unless Defendant can trace the disputed funds to a specifically identifiable fund in Plaintiff's possession and not commingled with other assets. See also

**FOR A TENTH DEFENSE**

14. Defendant failed to mitigate its damages if any exist and are proven at trial.

**FOR AN ELEVENTH DEFENSE**

15. Plaintiff denies being unjustly enriched. Any SSDI benefits Plaintiff received were awarded based on a determination by the Social Security Administration, and do not inherently create an obligation to reimburse Lincoln.

**FOR A TWELFTH DEFENSE**

16. Defendant cannot demonstrate that it has suffered any damages related to any of its claims, or that it has properly mitigated any of the damages.

**FOR A THIRTEENTH DEFENSE**

17. The conduct of Plaintiff is not the proximate cause of Defendant's injuries, presuming Defendant has sustained any injuries.

**FOR A FOURTEENTH DEFENSE**

18. Defendant, as the LTD insurer does not have standing to seek equitable relief under **29** U.S.C. § 1132(a)(3) unless it is acting in a fiduciary capacity and asserting claims consistent with ERISA fiduciary duties. If Lincoln is acting solely as a commercial party to enforce a reimbursement clause for its own financial benefit, and not to enforce the terms of the plan on behalf of plan participants or beneficiaries, then it lacks standing to pursue equitable relief under ERISA.

**FOR A FIFTEENTH DEFENSE**

19. Plaintiff reserves the right to amend this pleading or otherwise incorporate defenses that may become apparent based on further litigation in this case.

**CONCLUSION**

WHEREFORE, having fully answered Defendant's Counterclaim, Plaintiff respectfully requests that the Counterclaim be dismissed with prejudice, the relief sought by Defendant denied in every respect, and that Plaintiff be awarded the costs of this action; reasonable attorneys' fees, as permitted by law; and all other relief that this Court deems just and proper.

**CROMER BABB & PORTER, LLC**

BY: s/Shannon Polvi
Shannon Polvi (# 11978)
1418 Laurel Street, Ste. A
Post Office Box 11675
Columbia, South Carolina 29211
Phone 803-799-9530
Fax 803-799-9533
Shannon@cromerbabb.com
*Attorney for Plaintiff*

July 29, 2025
Columbia, South Carolina